UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOMINO,<br><br>  Plaintiff,<br><br>  v.<br><br>KENTUCKY FRIED CHICKEN, et al.,<br><br>  Defendants. | Case No. 19-cv-08449-HSG<br><br>**ORDER DIRECTING PLAINTIFF TO SERVE OR TO PROVIDE LOCATION OF UNSERVED DEFENDANTS** |

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 30, 2019. Dkt. No. 1. On January 31, 2020, the Court granted plaintiff leave to proceed *in forma pauperis* and ordered the United States Marshal to issue summons and serve the amended complaint upon defendants. *See* Dkt. No. 12. On May 4, 2020, the United States Marshals Service filed an executed summons, indicating that Jomel Garchitoerta, a manager at the Taco Bell and Kentucky Fried Chicken restaurants located at 691 Eddy Street, San Francisco, CA 94109, had accepted the summons and service. Dkt. No. 25. However, Mr. Garchitoterta may not accept service on behalf of defendants who are corporate entities. *See* Fed. R. Civ. P. 4(h).

Federal Rule of Civil Procedure 4(h) allows for service of a corporation, partnership, or association "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Rule 4 also allows a corporation to be served "following state law for serving a summons in an action brought in courts of general jurisdiction, where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1). California law allows for service upon a corporation by delivering a copy of the summons and complaint "[t]o the person designated as agent for service

of process;" or "[t]o the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process." *See* Cal. Code Civ. Proc. § 416.10. An unincorporated association similarly may be served by delivering a copy of the summons and complaint "to the person designated as agent for service of process in a statement filed with the Secretary of State." *See* Cal. Civ. Proc. Code § 416.40. California law also allows for substitute service on corporations and other entities as follows:

> leav[e] a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Code Civ. Proc. § 415.20(a). Alternatively, California law provides for service by mail. *See* Cal. Code Civ. Proc. § 415.30. However, service is only complete under this section once "a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." *Id.* Accordingly, because Mr. Garchitoterta's receipt does not satisfy the requirements noted above, neither defendant Taco Bell nor defendant KFC has been served.

Although a plaintiff proceeding *in forma pauperis* may rely on service by the Marshal, it is ultimately the plaintiff's responsibility to provide the Marshal with the correct information to effect service. *See, e.g., Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over 90 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). Plaintiff has not provided sufficient information to allow the Marshal to effect service upon Defendants Taco Bell and KFC. Consequently, plaintiff must remedy the situation or face dismissal of his claims against both defendants without prejudice.

//
//
//
//
//

Accordingly, within sixty (60) days of the date this order is filed, Plaintiff must effect service on defendants Taco Bell and KFC, or submit to the Court sufficient information to such that the Marshal is able to effect service. Failure to do so will result in dismissal of defendants Taco Bell and KFC without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: 5/12/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

3