UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOMINO,<br><br>   Plaintiff,<br><br> v.<br><br>KENTUCKY FRIED CHICKEN, et al.,<br><br>   Defendants. | Case No. 19-cv-08449-HSG<br><br>**ORDER SCREENING COMPLAINT AND GRANTING IN PART AND DENYING IN PART MOTION TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 40 |

Plaintiff Michael Domino filed suit against Defendants Taco Bell and Kentucky Fried Chicken ("KFC"), asserting claims for, *inter alia*, racial discrimination and assault. Dkt. No. 6-1 ("FAC"). Plaintiff was granted leave to proceed in forma pauperis in a separate order. *See* Dkt. No. 12. Upon review of the complaint, the Court now determines that Plaintiff fails to state a claim as to several of the federal causes of action asserted. *See* 28 U.S.C. § 1915(e)(b)(ii). The Court therefore **DISMISSES** the complaint with leave to amend.

I.  **FACTUAL BACKGROUND**

As relevant to this case, Plaintiff alleges that on September 19, 2019, he entered the KFC and Taco Bell restaurant at 691 Eddy Street, in San Francisco, California. FAC at ¶ 22. When he approached the counter to place an order, Plaintiff alleges that "he was immediately confronted by the restaurant's manager and the Taco Bell Technician, who each shouted at Plaintiff, [sic] that 'N*****' is banned from this restaurant, [sic] for complaining about the chicken not being warm enough, on his last visit to the restaurant[]." *Id.* Plaintiff also alleges that the manager said, "that's that N***** who walks in here looking at the food, and leaves without making a purchase." *Id.* At the same time this exchange was occurring, Plaintiff alleges that "a white patron was being served hot chicken right from the fryer after complaining to a server that the chicken was not warm enough to consume." *Id.* at ¶ 23.

Plaintiff further alleges that when he asked why the white patron was not banned from the restaurant for making the same complaint, "[t]he manager then stated, [] 'we reserve the right to refuse service to n******s." *Id.* at ¶ 24.  Plaintiff alleges that the restaurant employees then "came from behind the counter and started to brutally beat him, while at the same time, dragging plaintiff out of the restaurant . . . ." *Id.* at ¶ 25.  "Plaintiff asserts that the defendants continued to brutally beat him for more than 15 minutes." *Id.* at ¶ 26.  Finally, Plaintiff alleges that the police arrived and advised Plaintiff to stay away from the restaurant and he was then taken to the hospital for treatment. *Id.* at ¶ 29.

Plaintiff then filed suit for racial discrimination requesting damages in the amount of $30 million,[1] plus injunctive and declaratory relief. *Id.* at ¶¶ 101–07.

## II. LEGAL STANDARD

The Court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action and that the action is not frivolous or malicious.  28 U.S.C. § 1915(a)(1), (e)(2)(B); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the

---

[1] Nothing in the complaint suggests that damages in this amount, or anywhere remotely close to this amount, could possibly be warranted based on the incident alleged.

2

speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Because Plaintiff is pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III.  DISCUSSION

Even affording Plaintiff the benefit of the doubt, the Court finds that several of the federal claims in the FAC fails are inadequately alleged as a matter of law. Plaintiff alleges five federal causes of action against Defendants: (1) violation of 42 U.S.C. § 1981, (2) violation of 42 U.S.C. § 1983, (3) violation of Section 601 of Title VI of the Civil Rights Act of 1964, (4) violation of Title II of the Civil Rights Act of 1964, and (5) violation of 18 U.S.C. § 351(E), a criminal statute. FAC at ¶¶ 32–56, 67–71. The Court addresses each cause of action in turn.

### A.   Section 1981

Section 1981 provides that

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . .

42 U.S.C. § 1981. The statute defines "make and enforce contracts" to "includ[e] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* at § 1981(b). The Supreme Court has recently clarified that to state a claim under § 1981, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. National Assn. of Africa American-Owned Media*, 140 S.Ct. 1009, 1019 (2020).

Even assuming (without deciding) that entering a restaurant to order food constitutes "mak[ing] and enforc[ing] contracts," Plaintiff has not pled that racial animus was the "but-for"

reason that the restaurant employees denied him service. 42 U.S.C. § 1981. Plaintiff alleges that the restaurant employees repeatedly used racial slurs and treated a white patron differently for complaining about the same food quality issue. FAC at ¶¶ 23–24. However, he also pleads that the manager identified him as someone "who walks in [to the restaurant] looking at the food, and leaves without making a purchase" when the employee refused to serve him. *Id.* at ¶ 22. The allegations also allow the Court to infer that Plaintiff previously visited the restaurant and was served. *Id.* at ¶ 23. Thus, even though the allegations conclude that he was unable to make a contract with Defendants due to racial discrimination, the Court is "not required to accept as true conclusory allegations which are contradicted by [references] in the complaint." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 990 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). Importantly, the Supreme Court has interpreted § 1981 narrowly, such that allegations that racial discrimination was a "motivating factor" in a defendant's actions are insufficient to plead a claim. *See Comcast*, 140 S.Ct. at 1019. Plaintiff must plead that racial discrimination was the but-for cause of being denied service at the restaurant. Because Plaintiff alleges the employees were also motivated by previous, personal interactions with Plaintiff (complaints and refusal to purchase food), he fails to state a § 1981 claim.

### B.      Section 1983

A claim under Section 1983 requires two elements: "[f]irst, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States," and "[s]econd, the plaintiff must show that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970) (quoting 42 U.S.C. § 1983). Plaintiff fails to allege that Defendants "acted under color of law." *Id.* Instead, Plaintiff alleges that the discriminatory actions taken against him were due to "the policy Kentucky Fried Chicken and Taco Bell established and enforce[d]." FAC at ¶ 4. Plaintiff's conclusory allegation that a corporate policy existed is insufficient. However, even assuming such a policy did exist, a corporate policy does not constitute state law, and Plaintiff alleges no facts plausibly establishing that Defendants' employees were acting "in joint activity with the State or its agents." *Adickes*,

4

398 U.S. at 152.  Finally, Plaintiff's conclusory statement that Defendants' employees acted "while serving under color of state law," is not supported by any factual basis and instead directly conflicts with the corporate policy allegations.  FAC at ¶ 2.  Accordingly, Plaintiff fails to state a claim under Section 1983.

### C. Title VI

Title VI of the Civil Rights Act of 1964 states:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.  Thus, to state a claim under Title VI, a plaintiff must minimally allege that the defendant entity receives federal funding.  *See Regents of University of California v. Bakke*, 438 U.S. 265 (1978) ("Examination of the voluminous legislative history of Title VI reveals a congressional intent to halt federal funding of entities that violate a prohibition of racial discrimination similar to that of the Constitution.").  Plaintiff makes no allegations that Defendants received any sort of federal funding.  Instead, Plaintiff simply contends that Defendants violated Title VI by "denying Plaintiff access to the restaurant."  FAC at ¶ 47.  This fails to state a claim.

### D. Title II

Title II of the Civil Rights Act of 1964 provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."  42 U.S.C. § 2000a(a).  An establishment is a place of public accommodation "if its operations affect commerce," including "any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises."  *Id.* at § 2000a(b).  The CRA further contains a notice provision, stating if an "alleged act or practice prohibited by this subchapter . . . occurs in a State" with a "State or local law prohibiting such act or practice and establishing or authorizing a State of local authority to grant or seek relief from such practice;"

> [N]o civil action may be brought . . . before the expiration of thirty days after written notice of such alleged act or practice has been given

> to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

*Id.* § 2000a-3(c). The Court does not construe this requirement as a jurisdictional prerequisite, but rather a mandatory claim-processing rule. *See Brown v. Whole Market Group, Inc.*, 789 F.3d 146 (D.C. Cir. 2015) (holding that "section 2000a-3(c) of the CRA does not constitute a jurisdictional prerequisite," after analyzing the import of recent Supreme Court cases on older, conflicting cases); *see also Fort Bend County, Texas v. Davis*, 139 S.Ct. 1843 (2019) (finding the Title VII's charge-filing requirement similarly not jurisdictional, but nonetheless mandatory).

California's Unruh Civil Rights Act ("Act") forbids race discrimination at places of public accommodation "in all business establishments of every kind whatsoever," including restaurants like Taco Bell and KFC. *See* Cal. Civ. Code § 51(b). The Act further empowers the California Department of Fair Employment and Housing ("DFEH") to review verified complaints, as well as permitting state actions after mandatory service on the State Solicitor General. *See id.* at §§ 51.1, 52(f). Plaintiff alleges that he provided "notice of lawsuit" to defendants in this case, but does not appear to have made the required notice. *See* FAC at ¶ 20. Plaintiff must notify the DFEH of his complaint, and has not yet done so. While the complaint would thus seem to be susceptible to a motion to dismiss or stay on this ground, Plaintiff has pled enough to state a claim at this stage.

### E. 18 U.S.C. § 351(e)

Finally, it is a firmly established principle that Plaintiff, as a private citizen, has no right to enforce criminal statutes. *Moon v. Brown*, No. 15-cv-01228-HSG, 2015 U.S. Dist. LEXIS 106208, at *2 (N.D. Cal. Aug. 12, 2015) (citing *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006)). While an exception to this general principle exists where the criminal statute indicates that Congress intended to allow private enforcement, *see generally Court v. Ash*, 422 U.S. 66, 74–80 (1975), section 351 includes no such indication. The section specifies that "[v]iolations of this section shall be investigated by the Federal Bureau of Investigation," and violators of the statute "shall be fined under this title, or imprisoned." 18 U.S.C. § 351(f), (g). Nothing in this language suggests that a private right of action for damages is permitted.

Even if Plaintiff could fit into this narrow exception, he has pled no facts plausibly

6

suggesting that he is "a Member of Congress or a Member-of-Congress-elect, a member of the executive branch of the Government who is the head, or a person nominated to be head during the pendency of the nomination, of a department . . . the Director . . . or Deputy Director of the Central Intelligence Agency, or a major Presidential or Vice Presidential candidate, or a Justice of the United States, or a person nominated to be a Justice of the United States." *Id.* at § 351(a). The statute specifies that only the assault of these individuals constitutes a violation of the statute. Accordingly, Plaintiff fails to state a claim as to this cause of action as well.

### F. State Law Claims

Plaintiff's remaining claims—unlawful business practices, intentional infliction of emotion distress, and defamation—are claims under state law. *See* FAC at ¶¶ 57–66, 72–85. Because the claims arise under state law, the Court does not have original jurisdiction. The question then is whether the Court may nevertheless exercise supplemental jurisdiction under 28 U.S.C. § 1367.

Section 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the actions within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

While the Court will decline to exercise jurisdiction over these claims if all federal claims end up being dismissed, Plaintiff has sufficiently pled one federal claim. The Court thus will address these claims at the motion to dismiss or summary judgment stage.

### IV. CONCLUSION

While many of Plaintiff's federal claims appear fatally flawed, the Court cannot yet conclude that allowing amendment would be entirely futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of action."). Plaintiff shall file an amended complaint by no later than October 28, 2020. Plaintiff is permitted to add Samantha 249 as a new

party, but may not add any other additional parties or claims.[2] In the amended complaint, Plaintiff should clearly identify: (1) each legal claim, (2) the facts supporting each claim, (3) the defendant against whom the claim is alleged. Failure to file an amended complaint by the deadline may result in the dismissal of the action in its entirety without further leave to amend. In addition, Plaintiff's amended complaint will be dismissed if it does not correct the deficiencies the Court has identified in this Order.

Alternatively, Plaintiff may pay the required filing fee by October 28, 2020.

Plaintiff is instructed that he is required to review and follow the Federal Rules of Criminal Procedure and this Court's local rules, and that he is not excused from doing so by virtue of his *pro se* status. For example, Plaintiff should not indiscriminately respond to every filing on the docket. *See, e.g.,* Dkt. No. 43 (there is no such thing under the Federal Rules as a "Reply to Defendant's Answer"). The Court further encourages Plaintiff to think carefully about the actual nature of what he claims occurred, assess whether all of the statutes he is invoking could even possibly apply, and be realistic about the potential monetary recovery (if any) that is likely here based on what actually occurred (*i.e.*, nothing anywhere remotely close to $30 million). In saying this, the Court does not disregard Plaintiff's feelings regarding what happened. If Plaintiff fails to remedy the deficiencies identified in this order in the amended complaint, those claims will be dismissed with prejudice and without further leave to amend.

**IT IS SO ORDERED.**

Dated: 10/1/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for leave to file a second amended complaint. *See* Dkt. No. 40. Plaintiff may only add Samantha 249, Inc. as a new party. His requests as to Yum! Brands, Inc. and Harman-Nguyen, Inc. are denied, because adding these parties would be futile. *See* Dkt. No. 53, Ex. 1, Declaration of Bruce Garner (explaining that Yum! Brands, Inc. has no control over the operations at franchisee restaurants and Harman-Nguyen, Inc. is just a previous name for Samantha 249, Inc.).